UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BATTLE FLAT, LLC, a South Dakota, Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIV. 13-5070-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiff Battle Flat, LLC ("Battle Flat") filed a complaint seeking to recover late-filing penalties the government allegedly unlawfully assessed against it for the 2007 and 2008 tax years. (Docket 1). The government denies Battle Flat's claim. (Docket 9). Pending before the court is the government's motion for summary judgment. (Docket 13). Battle Flat resists the government's motion. (Docket 20). For the reasons stated below, the government's motion for summary judgment is granted.

## FACTS

Because Battle Flat does not dispute the government's statement of material facts (Docket 19), the court incorporates the government's statement of material facts by reference. (Docket 15). Further recitation of salient facts, including the two additional paragraphs of information propounded by Battle Flat (Docket 19 at p. 3), is included in the discussion section of this order.

## DISCUSSION

**1.    Standard Applicable to Summary Judgment Motions**

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant can "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."   Id. at 247-48 (emphasis in original).

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).   In order to withstand a motion for summary judgment, the nonmoving party "must substantiate [their] allegations with 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.' "   Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (citing Gregory v. Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)).

In assessing a motion for summary judgment, the court is to "consider only admissible evidence and disregard portions of various affidavits and

2

depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions as fact." Howard v. Columbia Public School District, 363 F.3d 797, 801 (8th Cir. 2004); see Fed. R. Civ. P. 56(e) (a party may not rely on his own pleadings in resisting a motion for summary judgment; any disputed facts must be supported by affidavit, deposition, or other sworn or certified evidence). The nonmoving party's own conclusions, without supporting evidence, are insufficient to create a genuine issue of material fact. Anderson, 477 U.S. at 256; Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*).

2. **The Appropriate Level of Deference Owed to Revenue Procedure 84-35**

The parties' dispute lies in the amount of deference, if any, owed to Revenue Procedure 84-35. See Rev. Proc. 84-35, 1984-1 C.B. 509 (1984). The court's analysis begins with a summary of 26 U.S.C. § 6698, its legislative history and the deference, if any, typically given to an Internal Revenue Service ("IRS") revenue procedure.

Section 6698 of Title 26 allows the IRS to assess penalties "for each month (or fraction thereof)" against a partnership for failing to file a partnership tax return, Form 1065, on or before the prescribed filing deadline.[1] 26 U.S.C.

---

[1]Battle Flat is a limited liability company. (Docket 15 at ¶ 1). Limited liability companies ("LLCs") are treated as partnerships for federal tax purposes unless the LLC elects to be treated as a corporation. See Superior Trading, LLC

3

§ 6698(a)(2); see also 26 U.S.C. § 6031 (describing the requirements of a partnership federal income tax return). The penalty provisions of § 6698 do not apply if the partnership's failure to timely file its tax return "is due to reasonable cause." 26 U.S.C. 6698(a). "Reasonable cause" is not defined in the statute, see id., but the taxpayer bears the burden of proving it meets the reasonable cause exception. See Shafmaster v. United States, 707 F.3d 130, 137 (1st Cir. 2013) ("The taxpayer bears the burden of proving both reasonable cause and the absence of willful neglect.") (citing United States v. Boyle, 469 U.S. 241, 245 (1985)); see also Gustashaw v. C.I.R., 696 F.3d 1124, 1139 (11th Cir. 2012) ("The taxpayer bears the burden of establishing that he acted with reasonable cause and in good faith.") (citing Calloway v. Comm'r, 691 F.3d 1315 (11th Cir. 2012)); Thompson v. C.I.R., 312 F. App'x 831, 831 (8th Cir. 2009) (affirming the tax court's determination that the plaintiff "had not shown reasonable cause warranting an exception to the accuracy-related penalty assessed.").

In the legislative history supporting § 6698, the Committee on Ways and Means concluded "full reporting of the partnership income and deductions by

---

v. C.I.R., 728 F.3d 676, 678 (7th Cir. 2013) ("An LLC . . . is generally treated as a partnership for tax purposes . . . and like other partnerships its income and losses are deemed to flow through to the partners and are taxed to them rather than to the partnership.") (citing 26 U.S.C. §§ 701-04, 6031; Historic Boardwalk Hall, LLC v. C.I.R., 694 F.3d 425, 429, n.1 (3d Cir. 2012) ("[A]n LLC with two or more members is classified as a partnership for tax purposes unless it elects to be treated as a corporation.") (citing Treas. Reg. § 301.7701-3(b)(1)).

Although the co-owners of an LLC are known as "members," the court refers to the co-owners of Battle Flat as "partners" because Battle Flat is treated as a partnership for federal tax purposes.

4

each partner is adequate and that it is reasonable not to file a partnership return in this instance." H.R. Rep. 95-1445, 75, 1978 U.S.C.C.A.N. 7046, 7111. In support of this conclusion, the Committee noted "small partnerships (those with 10 or fewer partners) often do not file partnership returns, but rather each partner files a detailed statement of his share of partnership income and deductions with his own return." Id. Similarly, 26 U.S.C. § 6231 defines the term "partnership" as "not includ[ing] any partnership with 10 or fewer partners each of whom is an individual (other than a non-resident alien), a C corporation, or an estate of a deceased partner." 26 U.S.C. § 6231(a)(1)(B)(i). Neither § 6698 nor its legislative history explicitly impose a requirement that the individual partners *timely* file his or her individual income tax returns in order for the partnership to qualify for the reasonable cause exception and thereby be exempt from the penalty provisions of § 6698. Only Revenue Procedure 84-35 imposes the requirement that the partners timely file his or her individual tax returns. See Rev. Proc. 84-35, 1984-1 C.B. 509 (1984).

The purpose of Revenue Procedure 84-35 "is to update Revenue Procedure 81-11, 1981-1 C.B. 651 [(1981)] to conform with the small partnership provisions of section 6231(a)(1)(B)." Rev. Proc. 84-35, § 1 ("Purpose"). "Rev. Proc. 81-11 [provided] the procedures under which partnerships with 10 or fewer partners will not be subject to the penalty imposed by section 6698 for failure to file a partnership return." Id. Revenue Procedure 84-35 states:

> A domestic partnership composed of 10 or fewer partners and coming within the exceptions outlined in section 6231(a)(1)(B) of the Code will be considered to have met the reasonable cause test and will not be subject to the penalty imposed by section 6698 for the failure to file a complete or timely partnership return, *provided that* the partnership, or any of the partners, establishes, if so requested by the Internal Revenue Service, that *all partners* have fully reported their shares of the income, deductions, and credits of the partnership on their *timely filed* income tax returns.

Rev. Proc. 84-35 (emphasis added).

Battle Flat does not dispute that "not all partners timely filed their income tax returns" in 2007 and 2008. (Docket 20 at p. 1). For the 2007 tax year, six partners of Battle Flat failed to timely file their personal income tax returns, with the latest being filed on March 8, 2010. (Dockets 15 at ¶¶ 3, 12; 19 at ¶¶ 3, 12). For the 2008 tax year, three Battle Flat partners failed to timely file their personal income tax returns, with the latest being filed on April 25, 2013. (Dockets 15 at ¶¶ 3, 13; 19 ¶¶ 3, 13). Two Battle Flat partners did not file their 2008 personal income tax return at the time Battle Flat filed its May 24, 2010, administrative claim with the IRS seeking to recover the 2007 and 2008 penalties assessed by the IRS. (Docket 15 at ¶¶ 7, 13). If the court enforces Revenue Procedure 84-35, Battle Flat's claim fails as it is undisputed that not all of its partners timely filed their 2007 and 2008 personal income tax returns.

Battle Flat requests the court not enforce Revenue Procedure 84-35 because revenue procedures do not have the force of law and are not entitled to deference under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). See Fed. Nat. Mortgage Ass'n v. United States, 379 F.3d 1303, 1307

6

(Fed. Cir. 2004) (holding that Revenue Procedure 99-43 was not entitled to Chevron deference).

"A revenue procedure is defined as a 'statement of procedure that affects the rights or duties of taxpayers or other members of the public under the Code and related statutes or information that, although not necessarily affecting the rights and duties of the public, should be a matter of public knowledge.'" Fed. Nat. Mortgage Ass'n, 379 F.3d at 1308 (quoting 26 CFR § 601.601(d)(2)(i)(b) (2004)); see also In re Peterson, 321 B.R. 259, 261 (Bankr. D. Neb. 2004) ("A revenue procedure is an internal procedural guide. It represents official IRS position on a matter of procedure, but it is not mandatory.") (citing Estate of Shapiro v. Commissioner, 111 F.3d 1010, 1017-18 (2d Cir.1997), cert. denied, 522 U.S. 1045 (1998)). "[R]evenue procedures are not produced through formal notice-and-comment rulemaking or formal adjudication." Tualatin Valley Builders Supply, Inc. v. United States, 522 F.3d 937, 945 (9th Cir. 2008). In determining the deference owed to a revenue procedure, "the issue is not whether the IRS voluntarily subjected [the] Revenue Procedure . . . to a measure of formalized review, but whether Congress intended for the IRS to do so." Fed. Nat. Mortgage Ass'n, 379 F.3d at 1308 (internal quotation marks and citations omitted) (original brackets removed).

Although the United States Court of Appeals for the Eighth Circuit has not explicitly addressed the level of deference owed to an IRS revenue procedure, the Eighth Circuit "has indicated that an agency's interpretation which is not

7

subjected 'to the rigors of notice and comment' is not entitled to substantial deference." In re Old Fashioned Enterprises, Inc., 236 F.3d 422, 425-26 (8th Cir. 2001) (internal quotation marks omitted) (quoting King v. Morrison, 231 F.3d 1094, 1096 (8th Cir. 2000)) (further citations omitted).[2]  The court presumes, without deciding, that IRS revenue procedures are not entitled to Chevron deference under Eighth Circuit precedent.  However, the court's analysis does not end with Chevron.

In United States v. Mead Corp., the Supreme Court noted that "whether or not [an agency] enjoy[s] any express delegation of authority on a particular question, agencies charged with applying a statute necessarily make all sorts of interpretive choices, and while not all of those choices bind judges to follow them, they certainly may influence courts facing questions the agencies have already answered."  533 U.S. 218, 227 (2001).  "[T]he well-reasoned views of the agencies implementing a statute 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.' " Bragdon v. Abbott, 524 U.S. 624, 642 (1998) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 139-140 (1944)); see also Chevron, 467 U.S. at 844 (Courts "have

---

[2]Under Chevron, "[w]hen Congress has 'explicitly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation,' . . . and any ensuing regulation is binding in the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute."  United States v. Mead Corp., 533 U.S. 218, 227 (2001) (quoting Chevron, 467 U.S. at 843-844)) (further citations omitted).

long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.").

The Mead Corp. Court affirmed its holding in Skidmore and articulated that the "measure of deference [given] to an agency administering its own statute has been understood to vary with circumstances, and courts have looked to the degree of the agency's care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency's position." Mead Corp., 533 U.S. at 228 (citing and later quoting Skidmore, 323 U.S. at 140).

The balance of the Skidmore factors persuade the court to enforce Revenue Procedure 84-35. The IRS thoroughly considered Revenue Procedure 84-35. The "Purpose" of Revenue Procedure 84-35 was to update Revenue Procedure 81-11 to conform with the small partnership provisions of 26 U.S.C. § 6231(a)(1)(B). Rev. Proc. 84-35, § 1 ("Purpose"). The IRS explicitly considered the statutory provisions of §§ 6698 and 6231(a)(1)(B), as well as the import of the legislative history of § 6698, as identified in the Conference Committee Report. Id., § 2 ("Background"). The IRS' description of the application of Revenue Procedure 84-35 also demonstrates the thoroughness of its consideration. Id., § 3 ("Required Procedures").

The IRS consistently held the position that the "reasonable cause" exception to § 6698 requires all partners in a "small" partnership to timely file their individual personal income tax returns. Revenue Procedure 84-35 was adopted over thirty years ago on April 23, 1984, replacing its predecessor,

9

Revenue Procedure 81-11, which was adopted on January 1, 1981, and also imposed the same "timeliness" requirement on the filing of a partner's personal income tax returns. Compare Rev. Proc. 84-35, with Rev. Proc. 81-11.

As discussed above, the IRS enacted Revenue Procedure 84-35 without formal notice and comment. The IRS is an expert in implementing and enforcing the internal revenue code. See, e.g., Ammex, Inc. v. United States, 367 F.3d 530, 535 (6th Cir. 2004) ("Of course, the IRS possesses 'relative expertise' in the application of the Code to particular facts, given the technical complexity of federal tax law.").

The IRS' position is persuasive. Although § 6698 does not expressly impose a timeliness requirement by which partners in a "small" partnership must file their personal income tax return in lieu of filing a partnership tax return, this is exactly the type of interpretative question left to the discretion of the IRS in implementing our nation's tax laws. See Mead Corp., 533 U.S. at 227-28. The IRS' interpretation that partners in a "small" partnership timely file their personal income tax returns is reasonable and is a highly practical aid in its assessment of the tax consequences of a partnership for a given year and on a year-over-year basis. IRS' interpretation is consistent with the legislative history of § 9968 in that it strains credulity to characterize a personal income tax return filed years after the reporting deadline as an adequate, full reporting of each partner's share of the partnership's income and deductions. See H.R. REP. 95-1445, 75.

10

Conversely, Battle Flat's interpretation that § 9968's "reasonable cause" exception is satisfied so long as the partners in a "small" partnership file their personal income tax returns at some unspecified future date is unreasonable. The interpretation would result in a system where the tax consequences of a "small" partnership would go unassessed for years at a time.[3] Furthermore, under Battle Flat's interpretation, the IRS would be required to track the status of each partner's personal income tax return until every partner's tax return was received before it could accurately calculate the annual tax consequences of the partnership.[4]

The court is persuaded by the IRS' interpretation and will enforce Revenue Procedure 84-35. Battle Flat's arguments urging the court to ignore Revenue Procedure 84-35 are unavailing. See infra.

## 3. Battle Flat's Cited Authority and the Import of 2006 and 2009 Tax Penalties

Battle Flat relies on the case of In Re Peterson in support of its assertion the court should give no deference to Revenue Procedure 84-35. See In re Peterson, 321 B.R. 259. The IRS in In Re Peterson sought to enforce a

---

[3]For example, Natasha Estes' 2007 personal income tax return was due on April 15, 2008, but was filed on March 8, 2010, approximately twenty-three months later. (Docket 15 at ¶ 12). Natasha Estes' 2008 personal income tax return was due on April 15, 2009, but was filed on April 25, 2013, approximately 48 months later. Id. at ¶ 13.

[4]For instance, before the IRS could assess Battle Flat's 2008 tax consequences, it would have had to track the receipt of each partner's personal income tax returns. A time period which ranged from April 15, 2009, to April 25, 2013. (Docket 15 at ¶ 13).

non-mandatory revenue procedure prohibiting the IRS from accepting offers in compromise from taxpayers in bankruptcy despite no internal revenue code provision or treasury regulation containing the same prohibition. In re Peterson, 321 B.R. at 261-62. The court held the IRS must either receive and process the Chapter 13 taxpayer-debtor's offer in compromise[5] or "take seriously its stated position that it will, in good faith, consider accepting less than the bankruptcy code requires." Id. at 262. In reaching this conclusion, the judge reasoned because revenue procedures are not binding on the IRS, see Estate of Shapiro, 111 F.3d at 1007-18, it would be disingenuous to enforce the revenue procedure only in cases where the enforcement benefits the IRS. In re Peterson, 321 B.R. at 261-262.

In addition to the court having already determined Revenue Procedure 84-35 should be enforced in light of the considerations identified in Skidmore, the equitable considerations facing the court in In Re Peterson are not present in this case. The IRS has not enforced Revenue Procedure 84-35 in a manner only to benefit itself. The IRS' removal of Battle Flat's 2006 tax penalties demonstrates this. See Docket 23-1 at p. 1. With regard to the 2006 late-filing penalty, the IRS informed Battle Flat:

> [T]his action has been taken based *solely* on your compliance history rather than on the information you provided. This type of

---

[5]An offer in compromise is an agreement between a taxpayer and the IRS that settles the taxpayer's tax liabilities for less than the full amount owed. See 26 U.S.C. 7122; see also Tax Topic 204, Offers In Compromise, available at http://www.irs.gov/taxtopics/tc204.html (last visited September 14, 2015).

12

> penalty removal is a *one-time consideration available only for a first-time penalty charge*. Any future penalties will only be removed based on your providing information that meets reasonable cause criteria.

Id. (emphasis added).

The IRS could have enforced § 6698's late-filing penalty provisions against Battle Flat for the 2006 tax year but chose not to because of Battle Flat's prior history of compliance. Id. The IRS demonstrated a willingness to exercise discretion in its enforcement of § 6698 and Revenue Procedure 84-35.

Battle Flat next asserts the IRS "has not consistently or even-handedly" applied Revenue Procedure 84-35. (Docket 20 at p. 3). The IRS' decision not to enforce Revenue Ruling 84-35 benefitted Battle Flat. Battle Flat's contention the IRS has not "even-handedly" enforced Revenue Ruling 84-35 based in part on the IRS removal of the 2006 penalties is without merit. The IRS expressly noted the penalty was removed "based solely on [Battle Flat's] compliance history" and explained "this type of penalty removal is a one-time consideration available only for a first-time penalty charge." (Docket 23-1 at p. 1). The IRS has not inconsistently applied Revenue Procedure 84-35 or unfairly enforced the procedure by removing Battle Flat's 2006 late-filing penalty.

Battle Flat asserts the IRS inconsistently enforced Revenue Procedure 84-35 because the 2009 late-filing penalty was removed and refunded.[6]

---

[6]The court accepts Docket 17-2 for the limited purpose of demonstrating the IRS removed portions of Battle Flat's late-filing penalty and granted Battle Flat a tax refund for the 2009 tax year. See Sparkman v. C.I.R., 509 F.3d 1149,

(Docket 20 at p. 1). The court is unable to discern if Battle Flat's partners failed to timely file their 2009 personal income tax returns. Compare Docket 20 at p. 1 ("[N]ot all partners timely filed their income tax returns in those years [2006, 2007, 2008, and 2009]."), with (Docket 19 at p. 3) (referencing only "2006, 2007, and 2008" when stating that "not all partners timely filed their income tax returns.").[7]

The IRS informed Battle Flat that it removed the late-filing penalty:

> [B]ased on [Battle Flat's] statement that [it] qualif[ied] for penalty relief under Rev. Proc. 84-35 . . . The penalty will be reassessed if [the IRS] later find[s] that [Battle Flat] does not qualify for relief because . . . [a]ny partner filed late or failed to report their distributive share of partnership items on their income tax return.

(Docket 23-2 at p. 1).

Even if a partner of Battle Flat failed to timely file his or her 2009 personal income tax return, any error by the IRS in failing to verify that Battle Flat and its partners actually complied with Revenue Procedure 84-35 does not preclude the IRS from enforcing the procedure for the 2007 and 2008 tax years. See Tigrett v. United States, 213 F. App'x 440, 450 (6th Cir. 2007) ("[T]he IRS'[] erroneous treatment of an issue one year does not preclude its subsequent correction of its

---

1156-57 (9th Cir. 2007) ("[A] tax return, even though signed under penalty of perjury, is not per se evidence of the income, deductions, credits, and other items claimed therein.") (citations omitted).

[7]Section 6103 of Title 26 prohibits the government from disclosing the taxpayer information of Battle Flat's partners for the tax years not at issue in the case. See 26 U.S.C. § 6103(h)(4). Because Battle Flat's complaint dealt only with the 2007 and 2008 tax years, the government was not able to disclose the taxpayer information for Battle Flat's partners relating to the 2009 tax year.

14

error in other tax years.") (citing Knights of Columbus Council No. 3660 v. United States, 783 F.2d 69, 73 (7th Cir. 1986)); see also Hawkins v. C.I.R., 713 F.2d 347, 351-52 (8th Cir. 1983) ("[I]t is settled that even if the Commissioner erroneously may have accepted the tax treatment of certain items in previous years, he is not precluded from correcting that error in a subsequent year.") (citing Harrah's Club v. United States, 661 F.2d 203, 205 (Ct. Cl. 1981)). Finally, the court is reminded that "[e]ach tax year stands on its own." Kliethermes v. United States, 27 Fed. Cl. 111, 114 (1992). The IRS did not inconsistently apply Revenue Procedure 84-35 or unfairly enforce the procedure by removing and refunding portions of Battle Flat's 2009 late-filing penalty.

Revenue Procedure 84-35 is entitled to Skidmore deference and the court will enforce it. Battle Flat admits it did not comply with Revenue Procedure 84-35. See Dockets 20 at p. 1; 15 at ¶¶ 3, 12, 13; 19 at ¶¶ 3, 12, 13. There is no genuine dispute of any material fact in this case.

**ORDER**

Based on the above analysis, it is

ORDERED defendant's motion for summary judgment (Docket 13) is granted.

Dated September 21, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE